## McCoy v. Snapp.

[No. 11,590. Filed June 21, 1923. Rehearing denied October 5, 1923. Transfer denied December 11, 1923.]

1. HIGHWAYS.—*Contractor's Claim for Work Done.—Objections by Taxpayers.—Statute.—Construction.*—Section 7648u1 Burns' Supp. 1921, Acts 1921 p. 531, §20, was enacted in the interest of the public, as a means whereby the taxpayers who are interested in a highway improvement may protect themselves against contractors seeking to obtain payment for work not done in compliance with their contractual obligations, and should be liberally construed. p. 585.

2. HIGHWAYS.—*Contractor's Claim for Work Done.—Objections by Taxpayer.—Dismissal.*—Where taxpayers have filed objection to the allowance of the contractor's claim for the construction of a highway, as provided by §7648u1 Burns' Supp. 1921, Acts 1921 p. 531, an appeal from the allowance of said claim, perfected within six days, should not be dismissed, as the statute allows an appeal within ten days. p. 585.

From Daviess Circuit Court; *Thomas B. Coulter*, Special Judge.

Proceedings by George W. McCoy and another opposing the allowance of a claim by Edward P. Snapp and others as contractors for the construction of a high-

way. From the judgment rendered, the defendant appeals. *Reversed.*

*Kessinger & Hill* and *Shake & Kimmell,* for appellants.

*W. A. Cullop, Ewing R. Emison, James M. House* and *Alvin Padgett,* for appellees.

ENLOE, P. J.—November 8, 1921, Edward P. Snapp, the contractor, filed his claim in the sum of $18,204.39, with the auditor of Knox county, Indiana, as being the final balance due him for the construction of the "Ray G. Stibbens Road," in said county.

On November 19, 1921, the appellants filed with the auditor of said county, their objections to the acceptance of said road, and to the allowance and payment by the board of county commissioners of said claim, as filed by said Snapp.

A hearing of the matter of said objections, on December 6, 1921, by said board, resulted in the allowance of said claim filed by said contractor.

On December 12, 1921, the said objectors filed their appeal bond, appealing said matter to the circuit court of Knox county, from which court, by change of venue, the cause was sent to the Daviess Circuit Court. The appellee Snapp filed his motion in the Daviess Circuit Court, to dismiss the appeal, which motion was sustained, and the appeal to this court followed. The only error assigned is the action of the court in sustaining said motion and dismissing said appeal.

The appellants in this case were acting under the provisions of §7648u1 Burns' Supp. 1921, Act 1919 p. 531, which provides:

"Any taxpayer interested in such improvement may file his objections by filing a sworn statement with the auditor that such road or part of road has not been completed according to plans, plats, profiles, specifica-

tions and contract under which such improvement was let, and such objector shall state specifically in what particular the same has not been completed, and if such objection is filed, then the board of commissioners shall set a day for hearing such issue and hear other proof of such matter and may cause witnesses to be subpoenaed and hear sworn evidence in the same manner as other issues are heard before the board of commissioners, and the board shall then determine whether said work has been done according to the plans, plats, profiles, specifications and contract, and any party feeling aggrieved by the decision of the board of commissioners may appeal from such decision and finding of the board of commissioners to the circuit court of any county at any time within ten (10) days from such decision, upon filing a bond to the approval of the auditor * * *."

This statute was enacted in the interest of the public, as a means whereby taxpayers who are interested in public improvements, as the ones who must pay 1, 2. for the same, might protect themselves against contractors seeking to obtain payment for work not done in compliance with their contractual obligations. It gives to such taxpayers a remedy and should receive such a construction as will suppress the mischief and advance the remedy. Magdalen College case (1616), Coke 71. The appellants, by the averments in their objections, filed to the allowance of said claim, brought themselves within the provisions of said section of our statute; they were entitled to have the various matters, as alleged by them, tried and determined. The trial court erred in dismissing said appeal.

This cause is therefore reversed, with directions to the trial court to overrule said motion to dismiss, and for further proceedings.

Judgment reversed.